No. 35,503

GUY A. THOMPSON, Trustee, MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*, v. OLIVER HARDWICK, *Appellee*.

(128 P. 2d 999)

Opinion filed September 22, 1942. (For original opinion of reversal see *ante*, p. 544, 127 P. 2d 433.)

*Ralph M. Hope*, of Atchison, argued the cause, and *W. P. Waggener, O. P. May* and *B. P. Waggener*, all of Atchison, were on the briefs for the appellant.

*Walter B. Patterson*, of Fort Scott, argued the cause for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellee has filed a motion for rehearing in which questions formerly considered by the court are reargued. This motion has been considered by the court and is denied.

Appellee also moved for an order of the court giving him ninety days' time after the mandate goes down in which to move his warehouse from appellant's property. In this connection he speculates on the exact distance he will have to move the warehouse in order to have it off of property claimed by appellant and he "can still use the building in its same proximate position but not be on any land as claimed by the railroad." He complains, also, that since our opinion was handed down the appellant has asked him to pay rent. In answer to this part of the motion appellant contends appellee is trifling with the court's opinion and is seeking to embarrass appellant, and points out that at no time did it agree to waive rents. We think this criticism is well taken. The lease gives appellant a lien upon the warehouse for rents, and for other items in the event they have accrued, and there is nothing in the record or in the presenta-

tion of the case to this court which indicates the appellant would waive those rights.

In order to clarify the matter, and with the hope of ending any controversy, the closing portion of the opinion as previously filed is modified to this extent: Appellee is given ninety days from the filing of this opinion in which to move the warehouse; that if moved it must be moved off of any property in which the appellant has or claims to have any right, title or interest, and as a condition precedent to his right to move it he shall pay to the appellant the rentals provided for by the lease since March 10, 1936, and all other charges, if any there be, which by the terms of the lease appellant would have a right to charge as against appellee.

The mandate will go down at once.